965 F.2d 1063
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Hans-Georg BRUNNER.
 No. 91-1374.
 United States Court of Appeals, Federal Circuit.
 April 6, 1992.
 
 Before ARCHER, MAYER and CLEVENGER, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Hans-Georg Brunner appeals the decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (board) No. 90-2100, affirming the rejection of all the claims (1-25) of serial number 07/125,472, reissue application of U.S. Patent 4,584,013 ('013), as being based upon a defective reissue declaration under 35 U.S.C. § 251. We affirm.
 
 DISCUSSION
 
 2
 The question presented here is whether Brunner has demonstrated reissuable error within the meaning of 35 U.S.C. § 251. In support of a reissue application, 37 C.F.R. § 1.175 requires an oath or declaration setting forth the error relied upon by the applicant for reissue. See Hewlett-Packard Co. v. Bausch & Lomb, Inc., 882 F.2d 1556, 1565, 11 USPQ2d 1750, 1758 (Fed.Cir.1989).
 
 
 3
 In his reissue declaration, Brunner stated:
 
 
 4
 The error in claiming less than I had a right to claim arose by reason of the cancellation of original application claims ... in the belief that such subject matter then was claimed, which it was, and would continue to be claimed in [a continuation application] whereas the claims of [the continuation application] thereafter were amended so that such subject matter inadvertently was not claimed.
 
 
 5
 As his declaration indicates, Brunner cancelled claims from the application which matured into the '013 patent with the intention of claiming the cancelled subject matter in a continuation application. The record shows that the subject matter in question was claimed in the continuation application as Brunner intended. Thus, the board correctly found that error did not occur in the application which matured into the '013 patent.
 
 
 6
 Moreover, contrary to Brunner's contention, the claims added to the continuation application were not "inadvertently" cancelled, but, as the board found, were cancelled to "overcome the rejections under 35 U.S.C. § 102 and 103." The board cited an amendment of September 30, 1985 in the continuation application case wherein it was stated:
 
 
 7
 Applicants believe that they have overcome the rejections under 35 U.S.C. § 102 and 103 over Ihara and Sewaki by restricting their claims....
 
 
 8
 Accordingly, because the error relied upon in his reissue declaration did not occur as alleged, Brunner failed to establish reissuable error.